WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donell Thompson, | No. CV-15-01195-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, | |
| Respondent. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. 15; hereinafter "R&R"). Petitioner filed objections to the R&R. (Doc. 16).

The Court will review the portions of the R&R to which Petitioner objected de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). Additionally, with respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

---

[1] Further, in applying "Federal law" the state courts need to act only in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

Petitioner was convicted in Maricopa County Superior Court of two counts of second degree murder and one count of assisting a criminal street gang. R&R at 2. In his habeas Petition, Petitioner alleges two grounds for relief: 1) a denial of due process based on prosecutorial misconduct (R&R at 4); and 2) a denial of due process and a fair trial based on prejudicial evidence being admitted at trial (R&R at 9). Both of Petitioner's claims rest on essentially the same factual predicate. Specifically, the prosecutor called an expert who testified about various activities committed in furtherance of a street gang and Petitioner argues that this testimony was untrue. (Objections at 3).

Petitioner's argument rests on a misunderstanding of the law. Petitioner is of the belief that for an expert to have the opinion that a particular crime or activity was done to promote or further the objectives of a street gang, the perpetrator of that crime or activity must have been convicted of "assisting a criminal street gang." However, neither Arizona law nor due process has such a requirement.

As the R&R notes, A.R.S. § 13-105(8), which defines a criminal street gang, does not require felony convictions; instead it requires proof that gang members, "engage in the commission, attempted commission, facilitation or solicitation of any felony act." R&R at 7-8. Thus, nothing in the statute requires a specific conviction for "assisting a criminal street gang" for a particular activity to be to promote or further the objectives of the gang. Thus, the expert could testify that in his opinion certain felonies that were completed or attempted were done in furtherance of the objectives of the gang, even if there was no "assisting a criminal street gang" allegation or conviction associated with that felony. Accordingly, even taking as true Petitioner's factual assertions that the cases relied on by the expert to form his opinions about the activities of the gang did not conclude in an "assisting a criminal street gang" conviction, Petitioner would not be entitled to relief.

As a result, if this Court were reviewing these claims in the first instance, this Court would deny relief. However, as indicated above, because these claims were exhausted before the Arizona Courts, this Court can grant relief only if the state court's

1 decision "was contrary to, or involved an unreasonable application of, clearly established
2 Federal law," or was based on an unreasonable determination of the facts. *Lockyer*, 538
3 U.S. at 63. Based on the foregoing, the Arizona Court of Appeals conclusion that
4 Petitioner was not entitled to relief because Petitioner, "failed to cite to the record of a
5 single instance of testimony from [the expert] that was in fact false," was not contrary to
6 or an unreasonable application of federal law, nor was it an unreasonable determination
7 of the facts. *See* R&R at 7 (quoting the decision of the Arizona Court of Appeals).
8 Additionally, the decision of the Arizona Court of Appeals rejecting Petitioner's
9 argument that the evidence of gang activity was too prejudicial to permit him a fair trial
10 was not contrary to or an unreasonable application of federal law nor an unreasonable
11 determination of the facts. *See* R&R at 9-12 (discussing the holding of the Arizona Court
12 of Appeals). Thus, this Court will not grant relief on either claim in the habeas petition.

Accordingly,

**IT IS ORDERED** that the R&R (Doc. 15) is accepted and adopted; the Objections (Doc. 16) are overruled; the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 4th day of August, 2016.

James A. Teilborg
Senior United States District Judge